UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IBRAHIM MUMID, FADUMO MUSE, FAHMO AHMED, SAFIYA MOHAMED, IFTU JIBRIL, MAYMUNA MUKTAR OSMAN, MISBAH IBRAHIM, AMAL MOHAMED, SHAMSA ALI MOHAMED, YURUB SIYAD, MUNA MOHAMED, AMINA HARUN, and MOHAMUD A. MOHAMED, | Case No. 0:05-CV-2176 (PJS/JJG) |
| Plaintiffs, | |
| v. | |
| ABRAHAM LINCOLN HIGH SCHOOL, THE INSTITUTE FOR NEW AMERICANS, and SPECIAL SCHOOL DISTRICT NO. 1, | ORDER |
| Defendants, | |
| SPECIAL SCHOOL DISTRICT NO. 1, | |
| Third-Party Plaintiff, | |
| v. | |
| METROPOLITAN FEDERATION OF ALTERNATIVE SCHOOLS, INC., | |
| Third-Party Defendant. | |

Daniel R. Shulman, GRAY PLANT MOOTY MOOTY & BENNETT, PA; Robert J. Kolstad; R. Travis Snider, SNIDER LAW FIRM, LTD.; David L. Shulman, LAW OFFICE OF DAVID SHULMAN, PLLC, for plaintiffs.

Paula Weseman Theisen and Sarah R. Schmitz, MEAGHER & GEER, P.L.L.P., for defendants Abraham Lincoln High School and Institute for New Americans.

Sonya J. Guggemos, Margaret A. Skelton, and Kimberley K. Sobieck, RATWIK, ROSZAK & MALONEY, P.A., for defendant/third-party plaintiff Special School District No. 1.

Susan M. Tindal and Jon K. Iverson, IVERSON REUVERS, LLC, for third-party defendant Metropolitan Federation of Alternative Schools, Inc.

On July 16, 2008, this Court entered an order granting summary judgment to defendants [Docket No. 154]. The Clerk entered the judgment less than three hours later [Docket No. 156]. In the interim between the entry of the order and the entry of the judgment, plaintiffs filed a letter requesting permission to file a motion for reconsideration under Local Rule 7.1(g) [Docket No. 155]. The relevant facts are as follows:

In the Fourth Cause of Action of their Second Amended Complaint, plaintiffs asserted a claim against Special School District No. 1 ("District 1") under the Equal Education Opportunity Act (EEOA). Second Am. Compl. ¶¶ 42-44 [Docket No. 70]. Plaintiffs concluded the Fourth Cause of Action by pleading that they were "entitled to recover such actual damages as they show themselves to have sustained and the trier of fact shall find . . . ." *Id.* ¶ 44. Nowhere in their Fourth Cause of Action did plaintiffs give this Court or District 1 specific notice that they were seeking any equitable relief at all; instead, plaintiffs gave notice only that they were seeking monetary relief to compensate them for "actual damages." *Id.*

In the Prayer for Relief, plaintiffs once again sought compensation for "such actual damages as they shall proved to have sustained. . . ." *Id.* ¶ A. Plaintiffs also sought two types of equitable relief: "an injunction requiring Special School District No. 1 to close Abraham Lincoln High School," *id.* ¶ D, and "equitable relief permanently enjoining defendants from engaging in

such unlawful conduct in the future," *id.* ¶ F.  Nothing in the Prayer for Relief gave this Court or District 1 notice that any other type of equitable relief was being sought.

Both the Fourth Cause of Action and the Prayer for Relief did include boilerplate language in which plaintiffs sought any other relief that might be available under the law.  Specifically, the Fourth Cause of Action sought "such other and further relief as may be available under law."  *Id.* ¶ 44.  And the Prayer for Relief sought "such other and further relief as is just, appropriate, and available under law."  *Id.* at ¶ G.  But this general language merely gave the Court and the defendants notice that plaintiffs were reserving their right to seek relief in addition to the relief specifically described in the complaint, should their entitlement to such additional relief become apparent as the case developed.

Plaintiffs did not seek such additional relief.  Rather, more than two years into the litigation, and after substantial discovery and motions practice, District 1 and the other defendants moved for summary judgment.  In its supporting memorandum, District 1 asserted in the course of arguing for dismissal of plaintiffs' EEOA claim that plaintiffs were seeking only three types of relief: (1) money damages to compensate for the harm that they had suffered, (2) an injunction forcing District 1 to close Lincoln, and (3) an injunction prohibiting District 1 from violating the EEOA in the future.  District 1 Mem. Supp. Mot. S.J. at 31-34 [Docket No. 128].  District 1 then proceeded to argue that compensatory damages were not available under the EEOA and that plaintiffs had no standing to seek the two injunctions because those injunctions would not redress any injury suffered by plaintiffs.  *Id.*  District 1 asked that the EEOA claim be dismissed in its entirety.  *Id.* at 50.

In their response, plaintiffs accepted District 1's description of the relief that they were seeking. Plaintiffs in no way suggested that they were seeking any other relief — legal or equitable. Plaintiffs argued only that compensatory damages were indeed available under the EEOA and that plaintiffs did indeed have standing to seek the two injunctions. Pl. Mem. Opp. Def. Mot. S.J. at 68-71 [Docket No. 137].

In its July 16 order, the Court granted summary judgment to District 1 on plaintiffs' EEOA claim. The Court agreed with District 1 that compensatory damages were not available under the EEOA and that plaintiffs did not have standing to seek either of the two injunctions described in their complaint. In footnote 9 of the Court's July 16 order, the Court noted in passing that "equitable remedies of compensatory education or tuition reimbursement *might* be available under [20 U.S.C.] § 1703(f)." Order July 16, 2008 at 20 n.9 (emphasis added) [Docket No. 154]. The Court's observation was based on a possible analogy to cases under the Individuals with Disabilities Education Act (IDEA) — an analogy that had occurred to the Court while it was researching the EEOA claim. To be clear, though, the Court had — and has — no idea whether compensatory education or tuition reimbursement is in fact available under the EEOA, as they sometimes are under the IDEA. The Court did not reach the issue because plaintiffs did not raise it.

The Court's order was docketed at 1:46 p.m. on July 16, 2008. Less than two hours later — and about one hour before the Clerk entered judgment pursuant to the order — plaintiffs filed a letter asking for permission to file a motion for reconsideration under Local Rule 7.1(g). In their letter, plaintiffs informed the Court for the first time that they did indeed wish to seek compensatory education and tuition reimbursement from District 1. Plaintiffs conceded that they

"did not brief the issue" and that they never "specifically requested" these remedies.  Pl. Letter July 16, 2008 at 1, 2.  But plaintiffs pointed to the general language at the end of their Prayer for Relief — in which they sought "such other and further relief as is just, appropriate, and available under law" — and argued that this language was broad enough to include compensatory education and tuition reimbursement, especially if the language was "construed so as to do justice" as required by Fed. R. Civ. P. 8(e).  Id. at 2.

The Court denies plaintiffs' request, for two reasons:

First, a motion for reconsideration is not an appropriate vehicle to challenge an order that directs the Clerk to enter final judgment.  Rule 60(b) of the Federal Rules of Civil Procedure provides the sole means for seeking relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  It is true that plaintiffs technically filed their letter in the three-hour period between the time that the Court ordered that judgment be entered and the time that the Clerk actually entered the judgment.  But this is a meaningless technicality, given that entry of judgment by the Clerk follows automatically from entry of an order directing that judgment be entered.  It would be unfair if Rule 60's applicability turned on such fortuities as whether litigants happened to be sitting at their desks when electronic notice of the entry of an order was distributed and happened to be able to get a request to bring a motion for reconsideration filed before the Clerk was able to enter judgment.

Second, even if the Court were willing to entertain plaintiffs' request for permission to file a motion to reconsider, the Court would deny the request on the merits.  Under Local Rule 7.1(g), motions to reconsider are permitted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g).  Such motions "serve a limited function: to correct manifest errors of law

or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).  Plaintiffs do not present any newly discovered evidence; nor do they argue that the Court's order rests on a manifest error of fact.  Instead, plaintiffs essentially argue that they would like to make a legal argument that did not occur to them until they read the Court's opinion.

A motion for reconsideration filed after a court has disposed of a case is not "the occasion to tender new legal theories for the first time." *Id.* (citation omitted).  The Eighth Circuit has often held — most recently last week — that "a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, __ F.3d __, No. 06-3205, 2008 WL 2756943, at *2 (8th Cir. July 17, 2008).  The same principle applies here:  In seeking reconsideration of an order granting summary judgment, a party may not rely on an argument that could have been — but was not — presented to the district court before it entered the order.

Again, at no point in this litigation did plaintiffs mention IDEA, compensatory education, tuition reimbursement, or non-injunctive equitable relief.  Whether the boilerplate in the Prayer for Relief would preserve plaintiffs' right to seek such relief as a matter of *pleading* is beside the point.  This case is long past the pleading stage.  After much discovery and motions practice, the parties fully briefed and argued motions for summary judgment.  If, at that point, plaintiffs were seeking non-injunctive equitable relief, they had an obligation to tell the Court.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' request to file a motion for reconsideration is DENIED.

Dated: July 22, 2008  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge